IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:12-CV-01877 |
| | ) Magistrate Judge Maureen P. Kelly |
| RICHARD J. KRIST, individually | ) |
| GREGORY M. POLICICCHIO, | ) |
| individually, and | ) |
| R&G, INC. d/b/a LEFTY'S IN THE STRIP | ) Re: ECF No. 9. |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff's Motion for Default Judgment (ECF No. 9) will be granted, as follows.

Plaintiff charges Defendants with the unauthorized exhibition of the *Brock Lesnar v. Alistar Overeem* boxing broadcast on Saturday, December 30, 2011, in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq*. ECF Nos. 1, 9. Defendants have not answered the Complaint, and the Clerk has entered default against them. *See* ECF No. 7. The Court finds that damages can be calculated without a hearing. *See generally, e.g.*, J & J Sports Prods., Inc. v. Greene, 2010 WL 2696672, at *2 (D. Md. Jul. 6, 2010) *and* J & J Sports Prods., Inc. v. Long, 2009 WL 1563914, at *1 (E.D. Pa. Jun. 3, 2009) (finding that damages under Communications Act could be resolved on default judgment without hearing) (citations omitted).

The decision to grant or deny default judgment is within the discretion of the Court. Joe Hand Promotions, Inc. v. Olivera, 2010 WL 2902344, at *3 (E.D. Cal. Jul. 21, 2010). "Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.

1

Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven". <u>Id.</u> The Court weighs several factors in its decision on granting or denying default judgment,

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Id.</u> at *4.

There is no evidence that there will be prejudice to the Plaintiff in granting default judgment. The merits of Plaintiff's substantive claim are sufficient for granting default judgment. Plaintiff has alleged sufficient evidence in the Complaint (ECF No. 1) that will be taken as true coupled with no opposition from the Defendants. The sum of money Plaintiff requests is substantial but is also within the discretion of the Court. ECF No. 1, 9. The Defendants have not answered and subsequently have not proffered any evidence for excusable neglect and it is unlikely there is any dispute concerning material facts. The nature of the claim that the Plaintiff brings is likely to succeed on the merits and is in accordance with the policy of the Federal Rules of Civil Procedure.

Plaintiff has elected to pursue statutory damages under 47 U.S.C. § 605(3)(c)(ii), 47 U.S.C. § 553(c)(3)(A)(ii), and 47 U.S.C. § 553(c)(3)(B). ECF Nos. 1, 9. When a defendant is liable under both § 553 and § 605, the aggrieved plaintiff may only recover damages under one of the sections but not both. <u>American Cablevision of Queens v. McGinn</u>, 817 F. Supp. 317, 320 (E.D.N.Y. 1993). Plaintiff may recover statutory damages of $1,000 and up to $10,000 for each violation thereof. 42 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff requests $10,000 for Defendants violation of 47 U.S.C. § 605(e)(3)(C)(i)(II). ECF No. 1.

Courts have used several methods to decide the amount when awarding non-enhanced statutory damages. First, the courts have used a base rate card method, in which the courts have awarded the cost of the appropriate licensing fee proportional to the size of the business had the business legally aired the program. Joe Hand Promotions, Inc. v. Krist, 2012 WL 6628934, at *2 (W.D. Pa. Dec. 19, 2012) (awarding the statutory minimum of $1,000 for a rate card fee of $900). Second, some courts have merely awarded a flat statutory damage without a mathematical calculation. *See*, *e.g.,* J & J Sports Prods., Inc. v. Papania, 2010 WL 1191807 (W.D. La. Mar. 26, 2010); King Vision Pay Per-View, Ltd. v. Lavorico, 2010 WL 796929, at *4-5 (E.D. Cal. Mar. 5, 2010) (respectively, the courts awarded the maximum of $10,000 and the minimum of $1,000 in statutory damages for different cases without offering explanations or calculations for either). Thirdly, some courts have multiplied the number of patrons present during the illegal broadcast by the residential charge to legally watch the broadcast. *See* Garden City Boxing Club v. Rosado, 2005 WL 3018704, at *3-4 (E.D.N.Y. Oct. 6, 2005).

In the current case, the Court will apply the first method and award statutory damages in the amount of what it would have cost the Defendants to legally broadcast the event pursuant to 42 U.S.C. § 605(e)(3)(C)(i)(II). Where the Plaintiff has not provided evidence that the licensing fee should be higher, courts have awarded the statutory minimum of $1,000 for violations of 42 U.S.C. § 605(e)(3)(C)(i)(II). Joe Hand Promotions, Inc. v. Blanchard, 2010 WL 1838067, at *11 (S.D. Ga. May 3, 2010). Plaintiff has not provided evidence as to the number of patrons present nor has Plaintiff provided evidence that the licensing fee to legally broadcast the event should be greater than the statutory minimum. Thus, this Court will award the statutory minimum of $1,000 for non-enhanced damages for the violation of 42 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff in this case also requests enhanced statutory damages of up to $100,000, which is at the discretion of the Court. ECF Nos. 1, 9. Plaintiff contends that enhanced statutory damages are warranted because the Court will find that Defendants committed the violation willfully and for the purposes of direct or indirect commercial advantage or private financial gain. *See* 42 U.S.C. § 605(e)(C)(ii). Courts have generally held that similar violations of the Federal Communications Act, even without admission from defendants, usually are committed willfully and for the purposes of commercial advantage and private gain. Time Warner Cable v. Googies Luncheonette, Inc., 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999). Signals do not typically descramble spontaneously, nor do television sets connect themselves to cable distribution systems. Id.

The Court weighs a variety of factors to determine the award for enhanced statutory damages: "(1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) significant actual damages to plaintiff; (4) defendant's advertising for the intended broadcast of the event; (5) defendant's charging a cover charge or charging premiums for food and drinks." Kingvision Pay-Per-View, Ltd. v. Recio, 2003 WL 21383826, at *5 (S.D.N.Y. June 11, 2003) (internal citations omitted). For the instant case, Plaintiff has not offered any evidence that the Defendants are repeat offenders; that Defendants had a substantial unlawful monetary gain from the violation; that there are any significant actual damages to Plaintiff; that the Defendants advertised for the event; or that the Defendants were charging a cover charge or premiums on food and beverages. Absent evidence of any of these substantial factors, this Court will award $5,000 of enhanced statutory damages for the purposes of punishing the Defendants willful violation and for deterring future violations. *See* Joe Hand Promotions Inc. v. Meola, 2011 WL 2111802, at *21 (N.D. Cal. Apr. 22, 2011) (in which the

4

court found that there was no evidence of any of the factors used to determine enhanced damages and awarded the enhanced statutory damages of $5,000 for deterrent purposes and the willful conduct that resulted in the violation).

Turning to Plaintiff's request for attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and 47 U.S.C. § 553(c)(2)(C), to award attorney's fees, the Court must be provided with sufficient information regarding the actual number of hours reasonably expended and the reasonableness of the hourly rate charged. *See* J & J Sports Prods., Inc. v. TCOS Enterprises, Inc., 2012 WL 1361655, at *1-2 (E.D. Pa. Apr. 19, 2012). Counsel's written declaration lacks sufficient specificity to support an award of fees. *See* ECF No. 1. (Plaintiff provides no estimation or documentation for the time reasonably expended in this action). Plaintiff's does not provide sufficient information in support of successful fee petitions,[1] and attorney's fees will not be granted in this case.

Finally, Plaintiff requests an award for all reasonable and full costs incurred pursuant to 47 U.S.C. § 553(c)(2)(C). ECF No. 1. Plaintiff has not provided sufficient information or specificity to the costs incurred to support an award for full costs. Thus, the Court will not award Plaintiff for full costs incurred.

---

[1] *See, e.g.*, J & J Sports Prods., Inc. v. Gencarelli, 2011 WL 1253886, at *4 (D. N.J. Mar. 28, 2011) (awarding fees based on "a detailed affidavit from [the plaintiff's] attorney breaking down the hours that and his paralegal worked") *and* J & J Sports Prods., Inc. v. Greene, 2010 WL 2696672, at *6 (D. Md. Jul. 6, 2010) (same).

Consistent with the foregoing, Plaintiff's Motion for Default Judgment (ECF No. 9) is **GRANTED**, and judgment herby is entered in favor of Plaintiff and against Defendants in the amount of **$6,000**.

IT IS SO ORDERED.

By The Court:

July 15, 2013 /s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via ECM/ECF